STENNETT, Appellant, vs. BRADLEY and another, Respondents.

*November 23 — December 13, 1887.*

*Husband and wife: Ownership of farm products: Evidence: Instructions to jury: Stipulation.*

1. In an action for the conversion of certain live-stock and grain which the defendants had purchased from the plaintiff's husband, the evidence (which tended to show, among other things, that for four years the plaintiff and her husband had occupied her farm, which she had let to him; that during that time he had carried on the farm and sold, used, and disposed of as his own the crops and most of the stock raised and kept thereon, without interference by the plaintiff; and that the plaintiff had admitted that her husband owned the property in question) is *held* to sustain a verdict for the defendants.

Stennett vs. Bradley and another.

2. The parties stipulated that "if the jury find for the plaintiff they shall value the crops taken by the defendants as uncut and standing in the field, and the stock taken shall be valued as at the time it was taken." The plaintiff did not ask for any instruction to the jury which should preserve a distinction as to her title to the two kinds of property. *Held*, that under the stipulation there was no error in an instruction that the plaintiff should recover for both the crops and the stock or for neither.

3. Where the court withdrew certain questions from the consideration of the jury, and such withdrawal was necessarily favorable to the plaintiff, she cannot complain because the court refused to give instructions asked by her in reference to the questions so withdrawn.

APPEAL from the Circuit Court for *Columbia* County. This is an action to recover damages for the alleged conversion by the defendants, *William Bradley* and *Thomas McBurnie*, of certain sheep, cattle, and grain claimed by the plaintiff, *Maria Stennett*, as her property. The complaint is in the usual form of complaints in actions of trover. The answer of the defendants is (1) a general denial, and (2) certain facts alleged by way of estoppel.

It appeared on the trial that the plaintiff was the owner of a farm in Columbia county, upon which she and her husband, one William Stennett, resided. The grain in controversy was grown upon this farm, and the stock was kept upon it. The question of the ownership of this property was a disputed one on the trial. The plaintiff testified that she was such owner. There was other testimony, however, tending to show that the property belonged to her husband. The defendants purchased the property of the husband. The case is further stated in the opinion.

There was a verdict and judgment for the defendants. Plaintiff appeals from the judgment.

For the appellant the cause was submitted on the brief of *Lander & Lander*.

*J. H. Rogers*, for the respondents.

LYON, J. 1. In the brief of counsel for the plaintiff, we find the broad unqualified statement that there is no testimony in the case contradicting her ownership of the property in question, or tending to show that her husband owned, or ever claimed to own, the same. This is a strange and unaccountable misapprehension of the testimony in the case. The testimony tends to show that the plaintiff and her husband had occupied her farm about four years, and that she let the farm to her husband, who carried it on and sold and appropriated the products thereof, and that the husband used and disposed of the crops and most of the stock raised and kept on the farm during that time as his own, without interference by the plaintiff. Also that the plaintiff admitted and stated that her husband owned the property; and there was proof of her acts in respect to it, which were only consistent with the hypothesis that her husband was such owner. The testimony is amply sufficient to sustain a special finding which would bring the case within the rule of *Lyon v. G. B. & M. R. Co.* 42 Wis. 548. In that case, circumstances similar to those developed here were held to vest the title to the products of the wife's farm in the husband, so that she could not call upon him to account therefor, or maintain an action of trespass for injuries thereto. There is other evidence tending in the same direction which it is unnecessary to state. We conclude that the verdict, which necessarily was to the effect that the husband was the owner of the property in controversy, is sustained by the testimony.

2. Certain facts were pleaded in the defendant's answer, which it was claimed should estop the plaintiff to deny that her husband was the owner of the property. It seems, also, that some claim was made at the trial that the husband, in selling the property to the defendants, was acting as the authorized agent of the plaintiff. Several instructions were proposed on behalf of plaintiff on the subjects of estoppel

and agency, but the court refused to give them, and said to the jury, in substance, that these questions of estoppel and agency were not in the case; that the case turned entirely upon the question of ownership, and, unless the jury found that the husband was the owner of the property, the plaintiff was entitled to a verdict for its value.

It is perfectly obvious that the instruction given was most favorable to the plaintiff, and rendered entirely unnecessary the instructions proposed and refused. Had the court retained the questions of estoppel and agency, it would have given the defendants a chance to prevail in the action, although the jury might find that the property in question really belonged to the plaintiff. But, by eliminating those questions from the case, the court lessened the chances of the defendants to defeat the action. Of course, this was favorable to the plaintiff, and she has no ground of complaint because the court refused to give her proposed instructions, even though they contain correct propositions of law.

3. Error is assigned upon the following passage in the charge to the jury: "The verdict will either be for the whole amount of the property,— its value as standing in the field,— in favor of *Mrs. Stennett*, or it will be no cause of action." The objection to this instruction is that it places the crops and the stock on the same footing, and was a ruling that the plaintiff could not recover for the one unless she was entitled to recover for the other also; whereas the testimony relating to her title was not the same in both cases. There is some apparent force in this objection; but there was a stipulation made by the parties on the trial and entered of record, which seems to obviate any objection to the instruction. Such stipulation is as follows: "It is agreed by counsel for the respective parties that, if the jury find for the plaintiff, they shall value the crops taken by the defendants as uncut and standing in the field, and the stock taken shall be valued as at the time when it was taken."

We think this stipulation places the stock and crops on the same footing just as effectually as did the instruction complained of. If the plaintiff desired to preserve a distinction between the two classes of property after having made the stipulation, it was incumbent upon her to ask the court to give an instruction which would accomplish that object. This she failed to do.

The foregoing observations dispose of all the alleged errors which are deemed worthy of consideration adversely to the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.